IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

*01-363*

| | |
|---|---|
| DAMARIS SANTIAGO | : |
| EDUARDO SANTIAGO | : |
|    a/k/a "Pollo" | : |
| HECTOR SANTIAGO | : |
|    a/k/a "Bolillo" | : |
| MIGUEL SANTIAGO | : |
| ANGEL SANTIAGO, JR. | : |
|    a/k/a "Puchito" | : |
| RAFAEL AYALA | : |
| LUIS GINNET | : |
| RAFAEL ORTIZ | : |
| FRANKLIN GOMEZ | : |
| ISRAEL VALENTIN LOPEZ | : |
| MONICA FONTANEZ | : |
|    a/k/a "Nilda Valentin" | : |
| FRANCISCO LOPEZ | : |
|    a/k/a "Dino" | : |
| JOSE SANCHEZ | : |
| JUAN MULERO | : |
|    a/k/a "Kiko" | : |
| JOSEFA VEGA | : |
| MAICOL ALVAREZ | : |
|    a/k/a "Colombiana" | : |
| EDGAR BABON | : |
|    a/k/a "Harry" | : |
| NEFTALI VELLON BAEZ | : |
|    a/k/a "Chino" | : |
| JOEL BERBERENA | : |
| JAMES DEJESUS | : |
| HECTOR DEJESUS | : |
| FRANCISCO DIAZ | : |
|    a/k/a "Francisco Camaro" | : |
|    a/k/a "Tito" | : |
| NANCY DIAZ | : |

VIOLATIONS: 21 U.S.C. § 846 (Conspiracy to distribute controlled substances - 1 Count)
21 U.S.C. § 841(a)(1) (Distribution of a controlled substance - 14 Counts)
21 U.S.C. § 860(a) (Distribution of a controlled substance within 1000 feet of a school - 14 Counts)
21 U.S.C. § 841(a)(1) (Possession with intent to distribute a controlled substance - 16 Counts)
21 U.S.C. § 860(a) (Possession with intent to distribute a controlled substance within 1000 feet of a school - 16 Counts)
18 U.S.C. § 2 (Aiding and abetting)
21 U.S.C. § 853 (Criminal Forfeiture)
Notices of Prior Convictions

1

FELIX GOMEZ　　　　　　　　　:
LUCY LNU　　　　　　　　　　:
JAMIE MELENDEZ　　　　　　　:
　　　a/k/a "Jimmy"
DENISE ORTIZ　　　　　　　　:
　　　a/k/a "Maria Martinez"
FERNANDO QUINONES　　　　　:
RENE QUINONES　　　　　　　:
EDDIE RIVERA
　　　a/k/a "Junito"　　　　　:
SAUDIE RIVERA
ANGEL VASQUEZ

## INDICTMENT

## COUNT ONE

THE GRAND JURY CHARGES THAT:

From at least in or around March, 1997, through on or about June 26, 2001, at

Philadelphia, in the Eastern District of Pennsylvania, and elsewhere, defendants,

**DAMARIS SANTIAGO**
**EDUARDO SANTIAGO, a/k/a "Pollo"**
**HECTOR SANTIAGO, a/k/a "Bolillo"**
**MIGUEL SANTIAGO**
**ANGEL SANTIAGO, JR., a/k/a "Puchito"**
**RAFAEL AYALA**
**RAFAEL ORTIZ**
**FRANKLIN GOMEZ**
**LUIS GINNET**
**ISREAL VALENTIN LOPEZ**
**MONICA FONTANEZ, a/k/a "Nilda Valentin"**
**FRANCISCO LOPEZ, a/k/a "Dino"**
**JOSE SANCHEZ**
**JUAN MULERO, a/k/a "Kiko"**
**JOSEFA VEGA**
**MAICOL ALVAREZ, a/k/a "Colombiana"**
**EDGAR BABON, a/k/a "Harry"**
**NEFTALI VELLON BAEZ, a/k/a "Chino"**
**JOEL BERBERENA**

2

**JAMES DEJESUS**
**HECTOR DEJESUS**
**FRANCISCO DIAZ, a/k/a "Francisco Camaro," a/k/a "Tito"**
**NANCY DIAZ**
**FELIX GOMEZ**
**LUCY LNU**
**JAMIE MELENDEZ, a/k/a "Jimmy"**
**DENISE ORTIZ, a/k/a "Maria Martinez"**
**FERNANDO QUINONES**
**RENE QUINONES**
**EDDIE RIVERA, a/k/a "Junito"**
**SAUDIE RIVERA**
**ANGEL VASQUEZ**

knowingly and intentionally conspired and agreed, together and with others known and unknown to the grand jury, to:

      a)     distribute in excess of 5 kilograms, that is, in excess of 300 kilograms, of a mixture or substance containing a detectable amount of cocaine and in excess of 50 grams, that is, in excess of 100 kilograms, of a mixture or substance containing a detectable amount of cocaine base ("crack"), Schedule II controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A); and

      b)     distribute in excess of 5 kilograms, that is, in excess of 300 kilograms, of a mixture or substance containing a detectable amount of cocaine and in excess of 50 grams, that is, in excess of 100 kilograms, of a mixture or substance containing a detectable amount of cocaine base ("crack"), Schedule II controlled substances, within 1000 feet of the real property comprising a public elementary school, that is, the Potter-Thomas School, located at 6th Street and Indiana Avenue in Philadelphia, Pennsylvania, in violation of Title 21, United States Code, Section 860.

## MANNER AND MEANS

1.     It was part of the conspiracy that the defendants were members of a drug organization (the "Santiago Drug Organization" or "SDO") which sold cocaine base ("crack") and cocaine primarily from various locations on the north end of the 3000 block of North Lawrence Street in Philadelphia. Gross Proceeds of those drug sales totaled more than $10 million dollars.

It was further a part of the conspiracy that:

2.     The SDO sold crack and cocaine on a daily basis to customers who walked or drove onto the 3000 block of North Lawrence Street.

### Drugs, Packaging and Price

3.     The SDO sold crack in approximately 7 milligram quantities that were packaged in small pink-tinted plastic ziplock bags for approximately $5 each, and that were sold in bundles of 12 for approximately $60 per bundle. The small pink bags were known as "rocks" or "piedra," and bundles of 12 were known as "bundles" or "Bs."

4.     The SDO sold powder cocaine in 1/16th ounce quantities that were packaged in clear plastic bags and that were stapled shut at the top for approximately $50 per bag. The 1/16 ounce quantities were known as "sixteenths" or "dies y seis" or "Ds."

5.     The SDO also sold powder cocaine in 1/4 ounce quantities that were packaged in clear plastic bags and that were stapled shut at the top for approximately $200 per bag. The quarter ounce quantities were known as "quarters," "cuarta," "Cs" or "Carmellas."

4

### The SDO's Operations

6.     The SDO ran its sales of crack and cocaine through morning, afternoon, and evening shifts.

7.     Each of the SDO's shifts generally consisted of "sellers," who stored drugs in "stash" locations, handed customers drugs for sale, and took money from customers in exchange for drugs; "lookouts" who kept watch for the police; and often "caseworkers," who supervised the activities of each shift. The SDO paid its sellers, lookouts and caseworkers according to their position at the end of each shift.

8.     The SDO stored crack and cocaine for immediate sale in various stash locations on the 3000 block of North Lawrence Street, including but not limited to the passenger compartments, trunks and undercarriages of cars; on window ledges; and in containers hidden on the sidewalk, in trash cans, and by the curb.

9.     The SDO used various houses on the 3000 block of North Lawrence Street, including, but not limited to, 3067, 3065, 3063, 3060, 3050, 3048, 3046, 3045, and 3041 North Lawrence Street, to store crack and cocaine that was used to resupply the sellers and the stash locations on the block; to collect, store, and divide up the proceeds of its illegal drug sales; and to prepare and maintain records of its sales, expenditures and payment.

10.     The SDO arranged on a daily basis to have its supply of crack and cocaine brought to the 3000 block by others known and unknown to the grand jury.

### The SDO's Leaders and Employees

11.     Defendants DAMARIS SANTIAGO, EDUARDO SANTIAGO, HECTOR SANTIAGO, MIGUEL SANTIAGO, and ANGEL SANTIAGO, JR., and persons

5

known to the grand jury as A.S. and J.H., among other duties for the organization, controlled, operated and/or managed the SDO's crack and cocaine distribution business.

12.    Defendants RAFAEL AYALA, RAFAEL ORTIZ, and LUIS GINNET delivered pre-packaged crack and cocaine to the SDO for resale on the 3000 block of North Lawrence Street.

13.    Defendants MONICA FONTANEZ, ISREAL VALENTIN LOPEZ, FRANCISCO LOPEZ, and JOSE SANCHEZ, among other duties for the SDO, supervised and conducted street level drug sales.

14.    Defendant JUAN MULERO, among other duties for the SDO, collected money from sellers and resupplied sellers and stash locations with crack and cocaine for distribution.

15.    Defendant JOSEFA VEGA, among other duties for the SDO, collected money from sellers and brought it inside various houses for safekeeping.

16.    Defendants MAICOL ALVAREZ, EDGAR BABON, JOEL BERBERENA, FRANCISCO DIAZ, NANCY DIAZ, JAMES DEJESUS, HECTOR DEJESUS, FELIX GOMEZ, JAMIE MELENDEZ, DENISE ORTIZ, FERNANDO QUINONES, RENE QUINONES, EDDIE RIVERA, SAUDIE RIVERA, ANGEL VASQUEZ, and NEFTALI VELLON BAEZ, among other duties for the SDO, conducted street level drug sales.

17.    Defendant LUCY LNU, served as a lookout for the SDO.

6

## OVERT ACTS

1.      In furtherance of the conspiracy and to accomplish its object(s), the following overt acts, among others, were committed in the Eastern District of Pennsylvania and elsewhere:

### 1998 Distribution and Possession

2.      From at least March, 1997, through April, 1998, a person known to the grand jury as A.S. would arrange to have crack and cocaine brought to the 3000 block for resale and could arrange for payment to SDO employees.

3.      On or about July 2, 1998, defendant MIGUEL SANTIAGO collected the proceeds of drug transactions for the SDO on the 3000 block of North Lawrence Street.

4.      On or about July 2, 1998, defendant MIGUEL SANTIAGO supplied a package of drugs from 3060 North Lawrence Street to defendant EDGAR BABON for sale on the 3000 block of North Lawrence Street.

5.      On or about July 2, 1998, defendant HECTOR SANTIAGO, collected the proceeds of drug transactions for the SDO on the 3000 block of North Lawrence Street.

6.      On or about July 9, 1998, at the 3000 block of North Lawrence Street, a person known to the Grand Jury distributed 10 pink ziplock bags of crack (approximately 1 gram) to undercover law enforcement officers.

7.      On or about July 9, 1998, at the 3000 block of North Lawrence Street, a person known to the Grand Jury and HECTOR SANTIAGO distributed 10 pink ziplock bags of crack (approximately 1 gram) to an undercover law enforcement officer.

7

8.      On or about July 9, 1998, at the 3000 block of North Lawrence Street, a person known to the Grand Jury distributed approximately 4 pink ziplock bags of crack (approximately .4 grams) to an undercover law enforcement officer.

9.      On or about July 9, 1998, defendant HECTOR SANTIAGO, resupplied the trunk of a stash car with drugs for sale on the 3000 block of North Lawrence Street.

10.     On or about July 21, 1998, at the 3000 block of North Lawrence Street, defendant EDGAR BABON distributed 2 bundles of pink ziplock bags of crack (approximately 2.3 grams) to an undercover law enforcement officer.

11.     On or about July 21, 1998, at the 3000 block of North Lawrence Street, defendant EDGAR BABON  distributed approximately 1 bundle of 12 pink ziplock bags of crack (approximately 1.1 grams) to an undercover law enforcement officer.

12.     On or about July 21, 1998, defendant EDUARDO SANTIAGO collected the proceeds of drug transactions for the SDO on the 3000 block of North Lawrence Street.

13.     On or about August 6, 1998, at the 3000 block of North Lawrence Street, defendant FRANCISCO DIAZ distributed 1 bundle of pink ziplock bags of crack (approximately 1.1 grams) to an undercover law enforcement officer.

14.     On or about August 6, 1998, at the 3000 block of North Lawrence Street, defendants EDGAR BABON and FRANCISCO DIAZ distributed approximately 4 quarters of cocaine in clear ziplock bags (approximately 26.3 grams) to an undercover law enforcement officer.

8

15.     On or about August 11, 1998, at the 3000 block of North Lawrence Street, defendants HECTOR SANTIAGO and JUAN MULERO distributed 16 sixteenths of cocaine in ziplock bags (approximately 107.5 grams) to an undercover law enforcement officer.

16.     On or about August 24, 1998, at the 3000 block of North Lawrence Street, defendant HECTOR SANTIAGO, discussed the distribution of cocaine base with an undercover law enforcement officer.

17.     On or about September 3, 1998, defendant HECTOR SANTIAGO discussed the purchase of cocaine with an undercover law enforcement officer.

18.     On or about September 17, 1998, defendant JUAN MULERO distributed 2 bundles of pink ziplock bags of crack (approximately 2.5 grams) to an undercover law enforcement officer.

19.     On or about September 17, 1998, defendant JUAN MULERO and HECTOR SANTIAGO distributed approximately 5 bundles of pink ziplock bags of crack (approximately 6.6 grams) to an undercover law enforcement officer.

20.     On or about September 24, 1998, defendant HECTOR SANTIAGO distributed approximately 4 quarters of cocaine in ziplock bags (approximately 26.7 grams) to an undercover law enforcement officer.

21.     On or about September 24, 1998, a person known to the Grand Jury distributed 2.4 bundles of pink ziplock bags of crack (approximately 2.4 grams) to an undercover law enforcement officer.

22.    On or about September 24, 1998, defendant JUAN MULERO and a person known to the Grand Jury distributed 3 bundles of pink ziplock bags of crack to an undercover law enforcement officer.

### 1999 Distribution and Possession

23.    In and about 1999, defendant ANGEL SANTIAGO, JR. divided proceeds from SDO drug sales and paid workers for the SDO.

24.    On or about September 18, 1999, defendant FERNANDO QUINONES possessed with intent to distribute 61 bundles of pink ziplock plastic bags of crack, 11 quarters of cocaine, and 9 sixteenths of cocaine (approximately 55.4 grams of crack and 76.4 grams of cocaine).

25.    On or about September 23, 1999, defendant FERNANDO QUINONES possessed with intent to distribute 34 bundles of pink ziplock bags of crack, 7 quarters of cocaine, and 20 sixteenths of cocaine (approximately 33.1 grams of crack and 61.5 grams of cocaine).

26.    On or about November 12, 1999, defendant DENISE ORTIZ distributed 2 pink ziplock bags of crack (approximately 2 milligrams) to an undercover law enforcement officer.

27.    On or about November 12, 1999, defendant JAMES DEJESUS AND DENISE ORTIZ possessed with intent to distribute 7 bundles of pink ziplock bags of crack, 12 loose pink ziplock bags of crack, 8 quarters of cocaine, and 6 smaller ziplock bags of cocaine (approximately 6 grams of crack and 55.9 grams of cocaine).

10

## 2000 Distribution and Possession

28.    In and about 2000 and 2001, defendant DAMARIS SANTIAGO divided proceeds from SDO drug sales and set aside money for ANGEL SANTIAGO, JR.

29.    On or about August 23, 2000, defendants MAICOL ALVAREZ and FELIX GOMEZ distributed 1 sixteenth of cocaine (approximately 1.1 grams) of cocaine.

30.    On or about August 23, 2000, defendants MAICOL ALVAREZ and FELIX GOMEZ possessed with intent to distribute 29 bundles of pink ziplock bags of crack, 53 loose bags of crack, and multiple plastic bags of various weights containing cocaine (approximately 24.1 grams of crack and 176.5 grams of cocaine).

31.    On or about August 30, 2000, defendant RENE QUINONES distributed 10 bundles of pink ziplock bags of crack (approximately 8.7 grams) to a person cooperating with law enforcement.

32.    On or about September 6, 2000, MONICA FONTANEZ and DAMARIS SANTIAGO distributed 30 bundles of pink ziplock bags of crack (approximately 24.3 grams) to a person cooperating with law enforcement.

33.    On or about November 28, 2000, defendant JOSE SANCHEZ handed drugs to a customer for the SDO, took money in exchange for the drugs, and handed the money to defendant NANCY DIAZ, who handed it to defendant EDUARDO SANTIAGO.

34.    On or about November 28, 2000, defendant NANCY DIAZ removed drugs from the trunk of a stash car and handed them to defendant ANGEL VASQUEZ for distribution.

11

35. On or about November 29, 2000, defendant DAMARIS SANTIAGO collected money from a customer who purchased drugs from the SDO, and collected other proceeds from drug sales by the SDO.

36. On or about November 29, 2000, defendant JAMIE MELENDEZ made multiple drug sales for the SDO on the 3000 block of North Lawrence Street.

37. On or about November 30, 2000, FRANCISCO LOPEZ and ANGEL VASQUEZ distributed 30 bundles of pink plastic bags of crack (approximately 28 grams) to a person cooperating with law enforcement.

38. On or about November 30, 2000, defendant JOSE SANCHEZ participated in multiple drug sales for the SDO, and handed a person cooperating with law enforcement officers a telephone number to call about further purchases of crack and/or cocaine for the SDO.

39. On or about November 30, 2000, defendant JAMIE MELENDEZ made multiple drug sales for the SDO on the 3000 block of North Lawrence Street.

40. On or about November 30, 2000, defendant JOSEFA VEGA collected proceeds from drug sales for the SDO.

41. On or about December 5, 2000, defendant JAMIE MELENDEZ participated in several drug sales for the SDO.

42. On or about December 5, 2000, defendant JOSEFA VEGA collected proceeds from drug sales for the SDO.

43. On or about December 5, 2000, defendant LUCY LNU facilitated drug sales for the SDO by collecting the proceeds of drug sales.

44.    On or about December 7, 2000, defendant NANCY DIAZ participated in several drug sales for the SDO by handling the key for the trunk of the stash car and collecting money from drug sales.

45.    On or about December 7, 2000, defendant JAMIE MELENDEZ participated in several drug sales for the SDO.

46.    On or about December 7, 2000, defendant LUCY LNU facilitated drug sales for the SDO as a lookout.

47.    On or about December 11, 2000, defendant JAMIE MELENDEZ participated in several drug sales for the SDO.

48.    On or about December 11, 2000, defendant JOSEFA VEGA collected proceeds from drug sales for the SDO.

49.    On or about December 12, 2000, defendant MIGUEL SANTIAGO handed the key to the trunk of the SDO stash car to defendant FRANCISCO LOPEZ.

50.    On or about December 12, 2000, defendant JAMIE MELENDEZ participated in several drug sales for the SDO.

51.    On or about December 20, 2000, defendant MIGUEL SANTIAGO handed the key to the trunk of the stash car to defendant FRANCISCO LOPEZ.

52.    On or about December 20, 2000, defendant RAFAEL AYALA delivered a supply of drugs to the trunk of a car parked on the 3000 block of North Lawrence Street for sale by the SDO.

13

53. On or about December 20, 2000, defendant LUCY LNU facilitated drug sales for the SDO by taking the key to the trunk of the stash car from defendant MIGUEL SANTIAGO and acting as a lookout.

54. On or about December 20, 2000, defendant JAMIE MELENDEZ participated in several drug sales for the SDO.

55. On or about December 20, 2000, defendant NANCY DIAZ collected money from drug sales for the SDO.

56. On or about December 20, 2000, defendant JOSEFA VEGA collected proceeds from drug sales for the SDO.

57. On or about December 21, 2000, defendant RAFAEL AYALA participated in the delivery of drugs to the 3000 block of North Lawrence Street for sale by the SDO.

58. On or about December 21, 2000, defendant NANCY DIAZ collected money from drug sales for the SDO.

59. On or about December 26, 2000, defendant LUCY LNU facilitated drug sales for the SDO by taking the key to the trunk of the stash car from MIGUEL SANTIAGO and hiding it.

60. On or about December 26, 2000, defendant FRANKLIN GOMEZ delivered a supply of drugs to defendant MONICA FONTANEZ on the 3000 block of North Lawrence Street.

61. On or about December 26, 2000, defendant MIGUEL SANTIAGO handed the key to the trunk of the stash car to defendant FRANCISCO LOPEZ.

14

62.    On or about December 26, 2000, defendants EDDIE RIVERA and NEFTALI VELLON BAEZ possessed with intent to distribute 26 bundles of pink ziplock bags of crack, 1 quarter of cocaine and 18 sixteenths of cocaine (approximately 15.5 grams of crack and 34 grams of cocaine).

63.    On or about December 27, 2000, defendants MIGUEL SANTIAGO and FRANCISCO LOPEZ delivered a new stash car to the 3000 block of North Lawrence Street to store drugs for sale by the SDO.

64.    On or about December 27, 2000, defendant FRANKLIN GOMEZ participated in the delivery of a supply of drugs for resale by the SDO on the 3000 block of North Lawrence Street.

## 2001 Distribution and Possession

65.    On or about February 7, 2001, defendant JOEL BERBERENA distributed 3 bundles of pink ziplock bags of crack (approximately 2 grams).

66.    On or about February 7, 2001, defendants ANGEL VASQUEZ and JOEL BERBERENA distributed 1 sixteenth of cocaine (approximately 1.3 grams).

67.    On or about February 7, 2001, defendant ANGEL VASQUEZ distributed 1 sixteenth of cocaine (approximately 1.338 grams of cocaine).

68.    On or about February 7, 2001, defendant ANGEL VASQUEZ distributed 2 sixteenths of cocaine (approximately 2.9 grams).

69.    On or about February 7, 2001, defendants ANGEL VASQUEZ and JOEL BERBERENA distributed 1 quarter of cocaine (approximately 6.6 grams).

70.    On or about February 7, 2001, defendants Angel Vasquez and Joel Berberena possessed with intent to distribute 70 bundles of pink plastic bags of crack, 67 loose pink ziplock bags of crack, 22 quarters of cocaine, and 20 sixteenths of cocaine (approximately 44.2 grams of crack and 174.2 grams of cocaine).

71.    On or about April 5, 2001, defendant LUIS GINNET delivered a supply of drugs for resale by the SDO to defendant ISREAL VALENTIN LOPEZ, who took the drugs inside 3050 North Lawrence Street.

72.    On or about April 10, 2001, defendant MONICA FONTANEZ distributed 2 bundles of pink ziplock bags of crack (approximately 1 gram).

73.    On or about April 10, 2001, defendant NEFTALI VELLON BAEZ distributed 8 pink ziplock bags of crack ( approximately .5 grams of cocaine base).

74.    On or about April 10, 2001, defendants ISRAEL VALENTIN LOPEZ and NEFTALI VELLON BAEZ possessed with intent to distribute 53 bundles of pink ziplock bags of crack, 19 quarters of cocaine, and 15 sixteenths of cocaine (approximately 41.9 grams of crack and 148.5 grams of cocaine).

75.    On or about May 14, 2001, defendant HECTOR DEJESUS possessed with intent to distribute 59 bundles of pink plastic ziplocks of crack, 8 loose pink ziplocks of crack, 15 quarters of cocaine, 15 sixteenths of cocaine, approximately 44.8 grams of crack and 120 grams of cocaine.

76.    On or about June 21, 2001, defendant RAFAEL ORTIZ delivered a supply of drugs for resale by the SDO to defendant ISREAL VALENTIN LOPEZ.

77.    On or about June 21, 2001, defendant SAUDIE RIVERA participated in a drug transaction with Rene Quinones on the 3000 block of North Lawrence Street.

78.    On or about June 21, 2001, defendant SAUDIE RIVERA received money from a person who bought drugs from the SDO on the 3000 block of North Lawrence street and handed it to defendant NANCY DIAZ, who brought the money into 3050 North Lawrence Street.

79.    On or about June 21, 2001, defendant SAUDIE RIVERA handed drugs to a customer of the SDO on the 3000 block of North Lawrence Street.

All in violation of Title 21, United States Code, Section 846.

17

## COUNT TWO

THE GRAND JURY FURTHER CHARGES THAT:

1.    On or about July 9, 1998, at Philadelphia, in the Eastern District of Pennsylvania, defendant

### HECTOR SANTIAGO
### a/k/a "Bolillo"

knowingly and intentionally distributed, and aided and abetted the distribution of, a mixture or substance containing a detectable amount of cocaine base ("crack"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## <u>COUNT THREE</u>

THE GRAND JURY FURTHER CHARGES THAT:

1.    On or about July 9, 1998, at Philadelphia, in the Eastern District of

Pennsylvania, defendant

### HECTOR SANTIAGO
### a/k/a "Bolillo"

knowingly and intentionally distributed, and aided and abetted the distribution of, a mixture or

substance containing a detectable amount of cocaine base ("crack"), a Schedule II controlled

substance, within 1000 feet of the real property comprising a public elementary school, that is,

the Potter-Thomas School, located at 6th Street and Indiana Avenue in Philadelphia.

In violation of Title 21, United States Code, Section 860(a).

19

## COUNT FOUR

THE GRAND JURY FURTHER CHARGES THAT:

1.    On or about July 21, 1998, at Philadelphia, in the Eastern District of Pennsylvania, defendant

### EDGAR BABON
### a/k/a "Harry"

knowingly and intentionally distributed, and aided and abetted the distribution of, a mixture or substance containing a detectable amount of cocaine base ("crack"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

20

## COUNT FIVE

THE GRAND JURY FURTHER CHARGES THAT:

1.      On or about July 21, 1998, at Philadelphia, in the Eastern District of Pennsylvania, defendant

## EDGAR BABON
### a/k/a "Harry"

knowingly and intentionally distributed, and aided and abetted the distribution of, a mixture or substance containing a detectable amount of cocaine base ("crack"), a Schedule II controlled substance, within 1000 feet of the real property comprising a public elementary school, that is, the Potter-Thomas School, located at 6th Street and Indiana Avenue in Philadelphia.

In violation of Title 21, United States Code, Section 860(a).

## COUNT SIX

THE GRAND JURY FURTHER CHARGES THAT:

1.    On or about August 6, 1998, at Philadelphia, in the Eastern District of Pennsylvania, defendant

### FRANCISCO DIAZ
### a/k/a "Francisco Camaro"
### a/k/a "Tito"

knowingly and intentionally distributed, and aided and abetted the distribution of, a mixture or substance containing a detectable amount of cocaine base ("crack"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

22

## COUNT SEVEN

THE GRAND JURY FURTHER CHARGES THAT:

1.    On or about August 6, 1998, at Philadelphia, in the Eastern District of Pennsylvania, defendant

### FRANCISCO DIAZ
### a/k/a "Francisco Camaro"
### a/k/a "Tito"

knowingly and intentionally distributed, and aided and abetted the distribution of, a mixture or substance containing a detectable amount of cocaine base ("crack"), a Schedule II controlled substance, within 1000 feet of the real property comprising a public elementary school, that is, the Potter-Thomas School, located at 6th Street and Indiana Avenue in Philadelphia.

In violation of Title 21, United States Code, Section 860(a).

## COUNT EIGHT

THE GRAND JURY FURTHER CHARGES THAT:

1.      On or about August 6, 1998, at Philadelphia, in the Eastern District of Pennsylvania, defendants

**EDGAR BABON**
**a/k/a "Harry"**
**and**
**FRANCISCO DIAZ**
**a/k/a "Francisco Camaro"**
**a/k/a "Tito"**

knowingly and intentionally distributed, and aided and abetted the distribution of, a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

24

## COUNT NINE

THE GRAND JURY FURTHER CHARGES THAT:

      1.    On or about August 6, 1998, at Philadelphia, in the Eastern District of

Pennsylvania, defendants

**EDGAR BABON**
**a/k/a "Harry"**
**and**
**FRANCISCO DIAZ**
**a/k/a "Francisco Camaro"**
**a/k/a "Tito"**

knowingly and intentionally distributed, and aided and abetted the distribution of, a mixture or

substance containing a detectable amount of cocaine, a Schedule II controlled substance, within

1000 feet of the real property comprising a public elementary school, that is, the Potter-Thomas

School, located at 6th Street and Indiana Avenue in Philadelphia.

      In violation of Title 21, United States Code, Section 860(a).

25

## COUNT TEN

THE GRAND JURY FURTHER CHARGES THAT:

1.     On or about August 11, 1998, at Philadelphia, in the Eastern District of

Pennsylvania, defendants

**HECTOR SANTIAGO**
**a/k/a "Bolillo"**
**and**
**JUAN MULERO**
**a/k/a "Kiko"**

knowingly and intentionally distributed, and aided and abetted the distribution of, a mixture or

substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and Title 18,

United States Code, Section 2.

26

## COUNT ELEVEN

THE GRAND JURY FURTHER CHARGES THAT:

1.      On or about August 11, 1998, at Philadelphia, in the Eastern District of

Pennsylvania, defendants

**HECTOR SANTIAGO
a/k/a "Bolillo"
and
JUAN MULERO
a/k/a "Kiko"**

knowingly and intentionally distributed, and aided and abetted the distribution of, a mixture or

substance containing a detectable amount of cocaine, a Schedule II controlled substance, within

1000 feet of the real property comprising a public elementary school, that is, the Potter-Thomas

School, located at 6th Street and Indiana Avenue in Philadelphia.

In violation of Title 21, United States Code, Section 860(a).

27

## COUNT TWELVE

THE GRAND JURY FURTHER CHARGES THAT:

1.    On or about September 17, 1998, at Philadelphia, in the Eastern District of Pennsylvania, defendant

### JUAN MULERO
### a/k/a "Kiko"

knowingly and intentionally distributed, and aided and abetted the distribution of, a mixture or substance containing a detectable amount of cocaine base ("crack"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

28

## COUNT THIRTEEN

THE GRAND JURY FURTHER CHARGES THAT:

1.       On or about September 17, 1998, at Philadelphia, in the Eastern District of Pennsylvania, defendant

### JUAN MULERO
### a/k/a "Kiko"

knowingly and intentionally distributed, and aided and abetted the distribution of, a mixture or substance containing a detectable amount of cocaine base ("crack"), a Schedule II controlled substance, within 1000 feet of the real property comprising a public elementary school, that is, the Potter-Thomas School, located at 6th Street and Indiana Avenue in Philadelphia.

In violation of Title 21, United States Code, Section 860(a).

29

## COUNT FOURTEEN

THE GRAND JURY FURTHER CHARGES THAT:

1.    On or about September 17, 1998, at Philadelphia, in the Eastern District of Pennsylvania, defendants

**HECTOR SANTIAGO**
**a/k/a "Bolillo"**
**and**
**JUAN MULERO**
**a/k/a "Kiko"**

knowingly and intentionally distributed, and aided and abetted the distribution of in excess of 5 grams, that is, approximately 6.6 grams, of a mixture or substance containing a detectable amount of cocaine base ("crack"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(B) and Title 18, United States Code, Section 2.

30

## COUNT FIFTEEN

THE GRAND JURY FURTHER CHARGES THAT:

1.      On or about September 17, 1998, at Philadelphia, in the Eastern District of Pennsylvania, defendants

**HECTOR SANTIAGO**
**a/k/a "Bolillo"**
**and**
**JUAN MULERO**
**a/k/a "Kiko"**

knowingly and intentionally distributed, and aided and abetted the distribution of, in excess of 5 grams, that is, approximately 6.6 grams, of a mixture or substance containing a detectable amount of cocaine base ("crack"), a Schedule II controlled substance, within 1000 feet of the real property comprising a public elementary school, that is, the Potter-Thomas School, located at 6th Street and Indiana Avenue in Philadelphia.

In violation of Title 21, United States Code, Section 860(a).

31

## COUNT SIXTEEN

THE GRAND JURY FURTHER CHARGES THAT:

1.     On or about September 24, 1998, at Philadelphia, in the Eastern District of Pennsylvania, defendant

### HECTOR SANTIAGO
### a/k/a "Bolillo"

knowingly and intentionally distributed, and aided and abetted the distribution of, a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## COUNT SEVENTEEN

THE GRAND JURY FURTHER CHARGES THAT:

1.      On or about September 24, 1998, at Philadelphia, in the Eastern District of Pennsylvania, defendant

### HECTOR SANTIAGO
### a/k/a "Bolillo"

knowingly and intentionally distributed, and aided and abetted the distribution of, a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, within 1000 feet of the real property comprising a public elementary school, that is, the Potter-Thomas School, located at 6th Street and Indiana Avenue in Philadelphia.

In violation of Title 21, United States Code, Section 860(a).

## COUNT EIGHTEEN

THE GRAND JURY FURTHER CHARGES THAT:

1.     On or about September 24, 1998, at Philadelphia, in the Eastern District of Pennsylvania, defendant

### JUAN MULERO
### a/k/a "Kiko"

knowingly and intentionally distributed, and aided and abetted the distribution of, a mixture or substance containing a detectable amount of cocaine base ("crack"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

34

## COUNT NINETEEN

THE GRAND JURY FURTHER CHARGES THAT:

1.    On or about September 24, 1998, at Philadelphia, in the Eastern District of Pennsylvania, defendant

### JUAN MULERO
### a/k/a "Kiko"

knowingly and intentionally distributed, and aided and abetted the distribution of, a mixture or substance containing a detectable amount of cocaine base ("crack"), a Schedule II controlled substance, within 1000 feet of the real property comprising a public elementary school, that is, the Potter-Thomas School, located at 6th Street and Indiana Avenue in Philadelphia.

In violation of Title 21, United States Code, Section 860(a).

## COUNT TWENTY

THE GRAND JURY FURTHER CHARGES THAT:

1.      On or about September 18, 1999, at Philadelphia, in the Eastern District of Pennsylvania, defendant

### FERNANDO QUINONES

knowingly and intentionally possessed with intent to distribute in excess of 50 grams, that is, approximately 55.4 grams, of a mixture or substance containing a detectable amount of cocaine base ("crack"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

## COUNT TWENTY-ONE

THE GRAND JURY FURTHER CHARGES THAT:

1.    On or about September 18, 1999, at Philadelphia, in the Eastern District of Pennsylvania, defendant

## FERNANDO QUINONES

knowingly and intentionally possessed with intent to distribute in excess of 50 grams, that is, approximately 55.4 grams, of a mixture or substance containing a detectable amount of cocaine base ("crack"), a Schedule II controlled substance, within 1000 feet of the real property comprising a public elementary school, that is, the Potter-Thomas School, located at 6th Street and Indiana Avenue in Philadelphia.

In violation of Title 21, United States Code, Section 860(a).

## COUNT TWENTY-TWO

THE GRAND JURY FURTHER CHARGES THAT:

1.     On or about September 18, 1999, at Philadelphia, in the Eastern District of Pennsylvania, defendant

## FERNANDO QUINONES

knowingly and intentionally possessed with intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

## COUNT TWENTY-THREE

THE GRAND JURY FURTHER CHARGES THAT:

1.    On or about September 18, 1999, at Philadelphia, in the Eastern District of Pennsylvania, defendant

## FERNANDO QUINONES

knowingly and intentionally possessed with intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, within 1000 feet of the real property comprising a public elementary school, that is, the Potter-Thomas School, located at 6th Street and Indiana Avenue in Philadelphia.

In violation of Title 21, United States Code, Section 860(a).

## COUNT TWENTY-FOUR

THE GRAND JURY FURTHER CHARGES THAT:

1.      On or about September 23, 1999, at Philadelphia, in the Eastern District of Pennsylvania, defendant

### FERNANDO QUINONES

knowingly and intentionally possessed with intent to distribute in excess of 5 grams, that is, approximately 33.1 grams, of a mixture or substance containing a detectable amount of cocaine base ("crack"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

## COUNT TWENTY-FIVE

THE GRAND JURY FURTHER CHARGES THAT:

1.      On or about September 23, 1999, at Philadelphia, in the Eastern District of Pennsylvania, defendant

## FERNANDO QUINONES

knowingly and intentionally possessed with intent to distribute in excess of 5 grams, that is, in approximately 33.1 grams, of a mixture or substance containing a detectable amount of cocaine base ("crack"), a Schedule II controlled substance, within 1000 feet of the real property comprising a public elementary school, that is, the Potter-Thomas School, located at 6th Street and Indiana Avenue in Philadelphia.

In violation of Title 21, United States Code, Section 860(a).

## COUNT TWENTY-SIX

THE GRAND JURY FURTHER CHARGES THAT:

1.      On or about September 23, 1999, at Philadelphia, in the Eastern District of

Pennsylvania, defendant

### FERNANDO QUINONES

knowingly and intentionally possessed with intent to distribute a mixture or substance containing

a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

## COUNT TWENTY-SEVEN

THE GRAND JURY FURTHER CHARGES THAT:

1.    On or about September 23, 1999, at Philadelphia, in the Eastern District of Pennsylvania, defendant

## FERNANDO QUINONES

knowingly and intentionally possessed with intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, within 1000 feet of the real property comprising a public elementary school, that is, the Potter-Thomas School, located at 6th Street and Indiana Avenue in Philadelphia.

In violation of Title 21, United States Code, Section 860(a).

## COUNT TWENTY-EIGHT

THE GRAND JURY FURTHER CHARGES THAT:

1.      On or about November 12, 1999, at Philadelphia, in the Eastern District of

Pennsylvania, defendant

### DENISE ORTIZ
### a/k/a "Maria Martinez"

knowingly and intentionally possessed with intent to distribute in excess of 5 grams, that is,

approximately 6.1 grams, of a mixture or substance containing a detectable amount of cocaine

base ("crack"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

## COUNT TWENTY-NINE

THE GRAND JURY FURTHER CHARGES THAT:

1.    On or about November 12, 1999, at Philadelphia, in the Eastern District of Pennsylvania, defendant

### DENISE ORTIZ
a/k/a "Maria Martinez"

knowingly and intentionally possessed with intent to distribute in excess of 5 grams, that is, approximately 6.1 grams, of a mixture or substance containing a detectable amount of cocaine base ("crack"), a Schedule II controlled substance, within 1000 feet of the real property comprising a public elementary school, that is, the Potter-Thomas School, located at 6th Street and Indiana Avenue in Philadelphia.

In violation of Title 21, United States Code, Section 860(a).

## COUNT THIRTY

THE GRAND JURY FURTHER CHARGES THAT:

1.      On or about November 12, 1999, at Philadelphia, in the Eastern District of Pennsylvania, defendant

**DENISE ORTIZ**
**a/k/a "Maria Martinez"**

knowingly and intentionally possessed with intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

## COUNT THIRTY-ONE

THE GRAND JURY FURTHER CHARGES THAT:

1.      On or about November 12, 1999, at Philadelphia, in the Eastern District of Pennsylvania, defendant

### DENISE ORTIZ
### a/k/a "Maria Martinez"

knowingly and intentionally possessed with intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, within 1000 feet of the real property comprising a public elementary school, that is, the Potter-Thomas School, located at 6th Street and Indiana Avenue in Philadelphia.

In violation of Title 21, United States Code, Section 860(a).

## COUNT THIRTY-TWO

THE GRAND JURY FURTHER CHARGES THAT:

1.    On or about August 23, 2000, at Philadelphia, in the Eastern District of Pennsylvania, defendant

### FELIX GOMEZ

knowingly and intentionally distributed, and aided and abetted the distribution of, a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## COUNT THIRTY-THREE

THE GRAND JURY FURTHER CHARGES THAT:

1.    On or about August 23, 2000, at Philadelphia, in the Eastern District of Pennsylvania, defendant

### FELIX GOMEZ

knowingly and intentionally distributed, and aided and abetted the distribution of, a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, within 1000 feet of the real property comprising a public elementary school, that is, the Potter-Thomas School, located at 6th Street and Indiana Avenue in Philadelphia.

In violation of Title 21, United States Code, Section 860(a).

## COUNT THIRTY-FOUR

THE GRAND JURY FURTHER CHARGES THAT:

1.      On or about August 23, 2000, at Philadelphia, in the Eastern District of

Pennsylvania, defendant

### FELIX GOMEZ

knowingly and intentionally possessed with intent to distribute in excess of 5 grams, that is,

approximately 24.1 grams, of a mixture or substance containing a detectable amount of cocaine

base ("crack"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

50

## COUNT THIRTY-FIVE

THE GRAND JURY FURTHER CHARGES THAT:

1.    On or about August 23, 2000, at Philadelphia, in the Eastern District of Pennsylvania, defendants

## FELIX GOMEZ

knowingly and intentionally possessed with intent to distribute in excess of 5 grams, that is, approximately 24.1 grams, of a mixture or substance containing a detectable amount of cocaine base ("crack"), a Schedule II controlled substance, within 1000 feet of the real property comprising a public elementary school, that is, the Potter-Thomas School, located at 6th Street and Indiana Avenue in Philadelphia.

In violation of Title 21, United States Code, Section 860(a).

## COUNT THIRTY-SIX

THE GRAND JURY FURTHER CHARGES THAT:

1.     On or about August 23, 2000, at Philadelphia, in the Eastern District of Pennsylvania, defendant

### FELIX GOMEZ

knowingly and intentionally possessed with intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

## COUNT THIRTY-SEVEN

THE GRAND JURY FURTHER CHARGES THAT:

1.      On or about August 23, 2000, at Philadelphia, in the Eastern District of Pennsylvania, defendant

### FELIX GOMEZ

knowingly and intentionally possessed with intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, within 1000 feet of the real property comprising a public elementary school, that is, the Potter-Thomas School, located at 6th Street and Indiana Avenue in Philadelphia.

In violation of Title 21, United States Code, Section 860(a).

## COUNT THIRTY-EIGHT

THE GRAND JURY FURTHER CHARGES THAT:

1.    On or about August 30, 2000, at Philadelphia, in the Eastern District of Pennsylvania, defendant

## RENE QUINONES

knowingly and intentionally distributed, and aided and abetted the distribution of in excess of 5 grams, that is, approximately 8.7 grams, of a mixture or substance containing a detectable amount of cocaine base ("crack"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

54

## COUNT THIRTY-NINE

THE GRAND JURY FURTHER CHARGES THAT:

1.      On or about August 30, 2000, at Philadelphia, in the Eastern District of Pennsylvania, defendant

### RENE QUINONES

knowingly and intentionally distributed, and aided and abetted the distribution of in excess of 5 grams, that is, in approximately 8.7 grams, of a mixture or substance containing a detectable amount of cocaine base ("crack"), a Schedule II controlled substance, within 1000 feet of the real property comprising a public elementary school, that is, the Potter-Thomas School, located at 6th Street and Indiana Avenue in Philadelphia.

In violation of Title 21, United States Code, Section 860(a).

## COUNT FORTY

THE GRAND JURY FURTHER CHARGES THAT:

1.  On or about September 6, 2000, at Philadelphia, in the Eastern District of Pennsylvania, defendants

**DAMARIS SANTIAGO**
**and**
**MONICA FONTANEZ**
**a/k/a "Nilda Valentin"**

knowingly and intentionally distributed, and aided and abetted the distribution of in excess of 5 grams, that is, approximately 24.3 grams, of a mixture or substance containing a detectable amount of cocaine base ("crack"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## COUNT FORTY-ONE

THE GRAND JURY FURTHER CHARGES THAT:

1.     On or about September 6, 2000, at Philadelphia, in the Eastern District of Pennsylvania, defendants

**DAMARIS SANTIAGO**
**and**
**MONICA FONTANEZ**
**a/k/a "Nilda Valentin"**

knowingly and intentionally distributed, and aided and abetted the distribution of in excess of 5 grams, that is approximately 24.3 grams of, a mixture or substance containing a detectable amount of cocaine base ("crack"), a Schedule II controlled substance, within 1000 feet of the real property comprising a public elementary school, that is, the Potter-Thomas School, located at 6th Street and Indiana Avenue in Philadelphia.

In violation of Title 21, United States Code, Section 860(a).

## COUNT FORTY-TWO

THE GRAND JURY FURTHER CHARGES THAT:

1.     On or about November 30, 2000, at Philadelphia, in the Eastern District of Pennsylvania, defendants

**FRANCISCO LOPEZ**
**a/k/a "Dino"**
**and**
**ANGEL VASQUEZ**

knowingly and intentionally distributed, and aided and abetted the distribution of in excess of 5 grams, that is, approximately 28 grams of a mixture or substance containing a detectable amount of cocaine base ("crack"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

58

## COUNT FORTY-THREE

THE GRAND JURY FURTHER CHARGES THAT:

1.    On or about November 30, 2000, at Philadelphia, in the Eastern District of Pennsylvania, defendants

**FRANCISCO LOPEZ**
**a/k/a "Dino"**
**and**
**ANGEL VASQUEZ**

knowingly and intentionally distributed, and aided and abetted the distribution of in excess of 5 grams, that is, approximately 28 grams, of a mixture or substance containing a detectable amount of cocaine base ("crack"), a Schedule II controlled substance, within 1000 feet of the real property comprising a public elementary school, that is, the Potter-Thomas School, located at 6th Street and Indiana Avenue in Philadelphia.

In violation of Title 21, United States Code, Section 860(a).

## COUNT FORTY-FOUR

THE GRAND JURY FURTHER CHARGES THAT:

1.      On or about December 26, 2000, at Philadelphia, in the Eastern District of Pennsylvania, defendant

**NEFTALI VELLON BAEZ**
**a/k/a "Chino"**
**and**
**EDDIE RIVERA**
**a/k/a "Junito"**

knowingly and intentionally possessed with intent to distribute in excess of 5 grams, that is, approximately 15.5 grams, of a mixture or substance containing a detectable amount of cocaine base ("crack"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

60

## COUNT FORTY-FIVE

THE GRAND JURY FURTHER CHARGES THAT:

1.    On or about December 26, 2000, at Philadelphia, in the Eastern District of Pennsylvania, defendant

**NEFTALI VELLON BAEZ**
**a/k/a "Chino"**
**and**
**EDDIE RIVERA**
**a/k/a "Junito"**

knowingly and intentionally possessed with intent to distribute in excess of 5 grams, that is, approximately 15.5 grams of, a mixture or substance containing a detectable amount of cocaine/ cocaine base ("crack"), a Schedule II controlled substance, within 1000 feet of the real property comprising a public elementary school, that is, the Potter-Thomas School, located at 6th Street and Indiana Avenue in Philadelphia.

In violation of Title 21, United States Code, Section 860(a).

## COUNT FORTY-SIX

THE GRAND JURY FURTHER CHARGES THAT:

1.    On or about December 26, 2000, at Philadelphia, in the Eastern District of Pennsylvania, defendant

**NEFTALI VELLON BAEZ**
**a/k/a "Chino"**
**and**
**EDDIE RIVERA**
**a/k/a "Junito"**

knowingly and intentionally possessed with intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

## COUNT FORTY-SEVEN

THE GRAND JURY FURTHER CHARGES THAT:

1.    On or about December 26, 2000, at Philadelphia, in the Eastern District of Pennsylvania, defendant

**NEFTALI VELLON BAEZ**
**a/k/a "Chino"**
**and**
**EDDIE RIVERA**
**a/k/a "Junito"**

knowingly and intentionally possessed with intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, within 1000 feet of the real property comprising a public elementary school, that is, the Potter-Thomas School, located at 6th Street and Indiana Avenue in Philadelphia.

In violation of Title 21, United States Code, Section 860(a).

## COUNT FORTY-EIGHT

THE GRAND JURY FURTHER CHARGES THAT:

1.      On or about February 7, 2001, at Philadelphia, in the Eastern District of Pennsylvania, defendants

**ANGEL VASQUEZ**
**and**
**JOEL BERBERENA**

knowingly and intentionally possessed with intent to distribute in excess of 5 grams, that is, approximately 44.2 grams, of a mixture or substance containing a detectable amount of cocaine base ("crack"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

64

## COUNT FORTY-NINE

THE GRAND JURY FURTHER CHARGES THAT:

1.    On or about February 7, 2001, at Philadelphia, in the Eastern District of Pennsylvania, defendant

### ANGEL VASQUEZ
### and
### JOEL BERBERENA

knowingly and intentionally possessed with intent to distribute in excess of 5 grams, that is, approximately 44.2 grams, of a mixture or substance containing a detectable amount of cocaine base ("crack"), a Schedule II controlled substance, within 1000 feet of the real property comprising a public elementary school, that is, the Potter-Thomas School, located at 6th Street and Indiana Avenue in Philadelphia.

In violation of Title 21, United States Code, Section 860(a).

## COUNT FIFTY

THE GRAND JURY FURTHER CHARGES THAT:

      1.     On or about February 7, 2001, at Philadelphia, in the Eastern District of Pennsylvania, defendants

**ANGEL VASQUEZ**
**and**
**JOEL BERBERENA**

knowingly and intentionally possessed with intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

      In violation of Title 21, United States Code, Section 841(a)(1).

## COUNT FIFTY-ONE

THE GRAND JURY FURTHER CHARGES THAT:

1.      On or about February 7, 2000, at Philadelphia, in the Eastern District of

Pennsylvania, defendant

### ANGEL VASQUEZ
### and
### JOEL BERBERENA

knowingly and intentionally possessed with intent to distribute a mixture or substance containing

a detectable amount of cocaine, a Schedule II controlled substance, within 1000 feet of the real

property comprising a public elementary school, that is, the Potter-Thomas School, located at 6th

Street and Indiana Avenue in Philadelphia.

In violation of Title 21, United States Code, Section 860(a).

## COUNT FIFTY-TWO

THE GRAND JURY FURTHER CHARGES THAT:

1.     On or about April 10, 2001, at Philadelphia, in the Eastern District of Pennsylvania, defendant

### MONICA FONTANEZ
### a/k/a "Nilda Valentin"

knowingly and intentionally distributed, and aided and abetted the distribution of, a mixture or substance containing a detectable amount of cocaine base ("crack"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## COUNT FIFTY-THREE

THE GRAND JURY FURTHER CHARGES THAT:

1.      On or about April 10, 2001, at Philadelphia, in the Eastern District of Pennsylvania, defendant

### MONICA FONTANEZ
### a/k/a "Nilda Valentin"

knowingly and intentionally distributed, and aided and abetted the distribution of, a mixture or substance containing a detectable amount of cocaine base ("crack"), a Schedule II controlled substance, within 1000 feet of the real property comprising a public elementary school, that is, the Potter-Thomas School, located at 6th Street and Indiana Avenue in Philadelphia.

In violation of Title 21, United States Code, Section 860(a).

Case 2:01-cr-00363-BMS     Document 1     Filed 06/26/01     Page 70 of 83

## COUNT FIFTY-FOUR

THE GRAND JURY FURTHER CHARGES THAT:

1.    On or about April 10, 2001,  at Philadelphia, in the Eastern District of

Pennsylvania, defendants

**ISREAL VALENTINE LOPEZ
and
NEFTALI VELLON BAEZ
a/k/a "Chino"**

knowingly and intentionally possessed with intent to distribute in excess of 5 grams, that is,

approximately 41.9 grams, of a mixture or substance containing a detectable amount of cocaine

base ("crack"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

70

## COUNT FIFTY-FIVE

THE GRAND JURY FURTHER CHARGES THAT:

1.      On or about April 10, 2001, at Philadelphia, in the Eastern District of Pennsylvania, defendants

**ISREAL VALENTINE LOPEZ**
**and**
**NEFTALI VELLON BAEZ**
**a/k/a "Chino"**

knowingly and intentionally possessed with intent to distribute in excess of 5 grams, that is, approximately 41.9 grams, of a mixture or substance containing a detectable amount of cocaine base ("crack"), a Schedule II controlled substance, within 1000 feet of the real property comprising a public elementary school, that is, the Potter-Thomas School, located at 6th Street and Indiana Avenue in Philadelphia.

In violation of Title 21, United States Code, Section 860(a).

## COUNT FIFTY-SIX

THE GRAND JURY FURTHER CHARGES THAT:

1.      On or about April 10, 2001, at Philadelphia, in the Eastern District of

Pennsylvania, defendant

**ISREAL VALENTINE LOPEZ
and
NEFTALI VELLON BAEZ
a/k/a "Chino"**

knowingly and intentionally possessed with intent to distribute a mixture or substance containing

a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

## COUNT FIFTY-SEVEN

THE GRAND JURY FURTHER CHARGES THAT:

1.    On or about April 10, 2001, at Philadelphia, in the Eastern District of Pennsylvania, defendants

**ISREAL VALENTINE LOPEZ
and
NEFTALI VELLON BAEZ
a/k/a "Chino"**

knowingly and intentionally possessed with intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, within 1000 feet of the real property comprising a public elementary school, that is, the Potter-Thomas School, located at 6th Street and Indiana Avenue in Philadelphia.

In violation of Title 21, United States Code, Section 860(a).

73

## COUNT FIFTY-EIGHT

THE GRAND JURY FURTHER CHARGES THAT:

1.      On or about May 14, 2001, at Philadelphia, in the Eastern District of Pennsylvania, defendant

### HECTOR DEJESUS

knowingly and intentionally possessed with intent to distribute in excess of 5 grams, that is, approximately 44.8 grams, of a mixture or substance containing a detectable amount of cocaine base ("crack"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

## COUNT FIFTY-NINE

THE GRAND JURY FURTHER CHARGES THAT:

1.      On or about May 14, 2001, at Philadelphia, in the Eastern District of Pennsylvania, defendant

## HECTOR DEJESUS

knowingly and intentionally possessed with intent to distribute in excess of 5 grams, that is, approximately 44.8 grams, of a mixture or substance containing a detectable amount of cocaine base ("crack"), a Schedule II controlled substance, within 1000 feet of the real property comprising a public elementary school, that is, the Potter-Thomas School, located at 6th Street and Indiana Avenue in Philadelphia.

In violation of Title 21, United States Code, Section 860(a).

75

## COUNT SIXTY

THE GRAND JURY FURTHER CHARGES THAT:

1.     On or about May 14, 2001, at Philadelphia, in the Eastern District of Pennsylvania, defendant

## HECTOR DEJESUS

knowingly and intentionally possessed with intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

## COUNT SIXTY-ONE

THE GRAND JURY FURTHER CHARGES THAT:

1.      On or about May 14, 2001, at Philadelphia, in the Eastern District of

Pennsylvania, defendant

**HECTOR DEJESUS**

knowingly and intentionally possessed with intent to distribute a mixture or substance containing

a detectable amount of cocaine, a Schedule II controlled substance, within 1000 feet of the real

property comprising a public elementary school, that is, the Potter-Thomas School, located at 6th

Street and Indiana Avenue in Philadelphia.

In violation of Title 21, United States Code, Section 860(a).

## NOTICE OF FORFEITURE

THE GRAND JURY FURTHER CHARGES THAT:

1.    The grand jury realleges and incorporates here the allegations of Counts One through Sixty-One of this Indictment for the purposes of alleging forfeiture pursuant to the provisions of Title 21, United States Code, Section 853.

2.    As a result of the violations of Title 21, United States Code, Sections 841 and 846 as set forth in Counts One through Sixty-One of this Indictment, the defendants

DAMARIS SANTIAGO
EDUARDO SANTIAGO, a/k/a "Pollo"
HECTOR SANTIAGO, a/k/a "Bolillo"
MIGUEL SANTIAGO
ANGEL SANTIAGO, JR., a/k/a "Puchito"
RAFAEL AYALA
RAFAEL ORTIZ
FRANKLIN GOMEZ
LUIS GINNET
ISREAL VALENTIN LOPEZ
MONICA FONTANEZ, a/k/a "Nilda Valentin"
FRANCISCO LOPEZ, a/k/a "Dino"
JOSE SANCHEZ
JUAN MULERO, a/k/a "Kiko"
JOSEFA VEGA
MAICOL ALVAREZ, a/k/a "Colombiana"
EDGAR BABON, a/k/a "Harry"
NEFTALI VELLON BAEZ, a/k/a "Chino"
JOEL BERBERENA
JAMES DEJESUS
HECTOR DEJESUS
FRANCISCO DIAZ, a/k/a "Francisco Camaro," a/k/a "Tito"
NANCY DIAZ
FELIX GOMEZ
LUCY LNU
JAMIE MELENDEZ, a/k/a "Jimmy"
DENISE ORTIZ, a/k/a "Maria Martinez"
FERNANDO QUINONES
RENE QUINONES

78

**EDDIE RIVERA, a/k/a "Junito"**
**SAUDIE RIVERA**
**ANGEL VASQUEZ**

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853:

(A) any property constituting, or derived from, any proceeds that the defendants obtained, directly or indirectly, as a result of the violations charged in Counts One through Sixty-One of this Indictment, including, but not limited to:

(1)    The sum in excess of $10,000,000 in United States currency, in that sum aggregate was received in exchange for the distribution of controlled substances, that is, cocaine and crack cocaine, both of which are Schedule II narcotic drug controlled substances.

(B)    any property which was used and intended to be used, in any manner or part, to commit and/or facilitate the commission of the violations charged in Counts One through Sixty-One one of this Indictment, including, but not limited to:

In violation of Title 21, United States Code, Sections 853(a)(1), (a)(2) and (p).

## NOTICE OF PRIOR CONVICTION

**THE GRAND JURY FURTHER CHARGES THAT:**

Defendant JAMES DEJESUS committed the offenses charged in Count One of this Indictment after having been convicted of (a) felony drug offense(s) as follows:

1.     On or about February 27, 2001, in the Philadelphia Court of Common Pleas, the defendant was convicted of a felony drug offense, specifically, possession with intent to distribute cocane, C.P. No. 0012-1157.

80

## NOTICE OF PRIOR CONVICTION

## THE GRAND JURY FURTHER CHARGES THAT:

Defendant FELIX GOMEZ committed the offenses charged in Counts One, Thirty-Two, Thirty-Three, Thirty-Four, Thirty-Five, Thirty-Six, and Thirty-Seven of this Indictment after having been convicted of (a) felony drug offense(s) as follows:

1.      On or about September 10, 1996, in the Philadelphia Court of Common Pleas, the defendant was convicted of a felony drug offense, specifically, possession with intent to distribute cocaine, C.P. No. 9512-0911.

2.      On or about September 10, 1996, in the Philadelphia Court of Common Pleas, the defendant was convicted of a felony drug offense, specifically, possession with intent to distribute a controlled substance, C.P. No. 9505-1411.

## NOTICE OF PRIOR CONVICTION

## THE GRAND JURY FURTHER CHARGES THAT:

Defendant EDDIE RIVERA, a/k/a "Junito" committed the offenses charged in Counts One, Forty-Four, Forty-Five, Forty-Six, and Forty-Seven of this Indictment after having been convicted of (a) felony drug offense(s) as follows:

1.     On or about May 9, 2000, in the Philadelphia Court of Common Pleas, the defendant was convicted of a felony drug offense, specifically, possession with intent to distribute cocaine, C.P. No. 9910-0543.

## NOTICE OF PRIOR CONVICTION

## THE GRAND JURY FURTHER CHARGES THAT:

Defendant FRANCISCO DIAZ, a/k/a "Francisco Camaro," a/k/a "Tito,"

committed the offenses charged in Counts One, Six, Seven, Eight, and Nine of this Indictment

after having been convicted of (a) felony drug offense(s) as follows:

1.     On or about October 27, 1999, in the Philadelphia Court of Common Pleas, the defendant was convicted of a felony drug offense, specifically, possession with intent to distribute cocaine, C.P. No. 9910-0813.

2.     On or about October 27, 1999, in the Philadelphia Court of Common Pleas, the defendant was convicted of a felony drug offense, specifically, possession with intent to distribute heroin, C.P. No. 9903-0634.

3.     On or about October 27, 1999, Philadelphia Court of Common Pleas, the defendant was convicted of a felony drug offense, specifically, possession with intent to distribute cocaine, C.P. No. 9910-0817.

**A TRUE BILL:**

_____
**FOREPERSON**

**MICHAEL L. LEVY**
**UNITED STATES ATTORNEY**

83